No. 131. CHANG KIM v. C. LAI YOUNG. Motion by L. A. Dickey as trustee for Grace D. Merrill for an order to the clerk to pay him $97.30, paid to the clerk by the high sheriff upon an execution in this case. Submitted January 3, 1905. Decided January 28, 1905. The facts are as follows: The defendant herein, C. Lai Young, obtained a judgment against one Pomaikai in the district court of Koolaupoko, island of Oahu, which was assigned to the movant Dickey, and in execution upon which the deputy sheriff of that district collected the money now in question. In the present cahe the plaintiff, Chang Kim, obtained a judgment against the defendant C. Lai Young, in the district court of Honolulu and upon execution, which was issued against the personal property, being returned unsatisfied, a certified copy of the judgment was filed in the supreme court, and a document purporting to be a judgment of the supreme court, based on the judgment of the district court, was also filed and execution issued thereon. The high sheriff, to whom the writ of execution was directed, collected the money now in question from the deputy sheriff of Koolaupoko, who had not returned the execution in the other case to that court or paid the money over to the plaintiff or his assignee therein. This money was collected by the high sheriff and paid into this court, on the return of the execution directed to him, after the return day named therein. The movant contends that the collection

of this money and the payment thereof into this court by the high sheriff was without authority on the grounds: that the money in the hands of the deputy sheriff being in custodia legis was not liable to be levied upon; that the levy by the high sheriff was void because made after the return day; that C. Lai Young had no interest in or claim to the money because he had assigned the judgment to the movant; that the supreme court had no jurisdiction to enter judgment in the matter; that the supreme court had no jurisdiction to issue execution because, among other things, the certified copy of the execution issued by the Honolulu district court and the return thereon showed merely that no personal property, and not that no property of any kind, could be found within the district of Honolulu.

Per curiam: Doubtless most if not all of the movant's contentions are sound, but this court is not one of original jurisdiction and should not, especially under the circumstances of this case, undertake to decide questions of fact and that, too, upon a motion made by one in a case to which he is not a party, and accordingly the motion is denied.

A motion was made by the defendant herein several months ago that the alleged judgment entered by the clerk of this court herein be vacated and the execution issued thereon be set aside, but that motion was dismissed for want of prosecution without inquiry into its merits. The matter now having come to the attention of the court, the court of its own motion orders the document purporting to be a judgment of this court in this case to be stricken from the files and the execution issued thereon to be set aside. *C. W. Ashford* for plaintiff. *C. F. Peterson* for defendant. *L. A. Dickey,* movant, in person.